# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HARPER, | )<br>)<br>) Civil Action No. 3:18-202<br>) District Judge Kim R. Gibson<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| DR. PAUL NOEL, DR. ANDREW J. DANCHA, R. N. BECKNOR, SECRETARY JOHN WETZEL, JOSEPH SILVA, JAY COWAN, JAMEY LUTHER, KOWALEWSKI, and JAWAD SALAMEH, | |
| Defendants. | |

## ORDER OF COURT

Defendants Andrew J. Dancha, Jay Cowan, Jawad Salameh, and Correct Care Solutions, LLC (collectively, the "CCS Defendants") have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and brief in support (collectively, the "Motion to Dismiss"), ECF Nos. 57 and 58, raising *inter alia* Plaintiff Anthony Harper's ("Plaintiff") failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) as a complete defense to Plaintiff's claims against the CCS Defendants. In their Motion to Dismiss, the CCS Defendants rely upon Plaintiff's grievance file, ECF No. 58-1, and the Department of Corrections' Inmate Grievance System Policy, ECF No. 58-2. Plaintiff submitted a brief in opposition to Defendants' Motion to Dismiss on July 18, 2019. ECF No. 62. The CCS Defendants filed a Reply on August 2, 2019. ECF No. 63.

The parties are hereby notified that this pending motion will be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56. See Renchenski v. Williams, 622

F.3d 315, 339-41 (3d Cir. 2010); see also Paladino v. Newsome, 885 F.3d 203, 208 (3d Cir. 2018) (affirming order on defendant's motion for summary judgment for failure-to-exhaust based on prison records and an affidavit without discussing when such a motion may be construed as a motion to dismiss). Plaintiff, as the nonmovant, is advised that in treating the Motion to Dismiss as a motion for summary judgment, the motion will be evaluated under the standard set forth in Rule 56 of the Federal Rules of Civil Procedure. Plaintiff is on notice that failure to respond to the pending motion may result in the entry of judgment against him.

Plaintiff's response to the motion for summary judgment may include opposing or counter-affidavits (executed by Plaintiff or other persons) which have either been sworn to under oath (notarized) or which include immediately before the signature of the individual making the affidavit or declaration the following statement, in accordance with 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of ___, 20__." The affidavits must be based upon the personal knowledge of the person executing the affidavit and no affidavit, complaint, pretrial narrative or other document containing Plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been notarized before a notary public or unless it contains a declaration under penalty of perjury as set forth above. If facts are unavailable to the nonmovant, an affidavit following the requirements of subsection (d) may be filed. See Rule below.

Rule 56 of the Federal Rules of Civil Procedure is reproduced in its entirety, for your convenience, as follows:

> Rule 56. Summary Judgment.
>
> (a) **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the

2

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) **Procedures.**

  (1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

  (2) *Objections That a Fact is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

  (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

  (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

  (1) defer considering the motion or deny it;

  (2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) **Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) **Judgment Independent of the Motion**. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute.

(g) **Failing to Grant All the Requested Relief**. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) **Affidavit or Declaration Submitted in Bad Faith**. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

AND NOW, this 5th day of August, 2019, **IT IS HEREBY ORDERED** that Plaintiff shall be permitted to file a supplemental response to the Motion to Dismiss, construed as a Motion for Summary Judgment, by August 26, 2019.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

Anthony Harper
AF-6000
SCI LAUREL HIGHLANDS
5706 GLADES PIKE
SOMERSET, PA 15501-0631